RECEIVED
IN LAKE CHARLES, LA.

NOV 10 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FRANK G. FOX | : | DOCKET NO. 2:09 CV 00485 |
| VS. | : | JUDGE MINALDI |
| NATHAN TIPPETTS, et al. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 10] filed by the defendants, Nathan Tippetts ("Tippetts") and the Church of Jesus Christ of Latter Day Saints ("LDS"). The *pro se* plaintiff, Frank G. Fox ("Fox") did not file an opposition. Instead, Fox filed a Motion to Dismiss [doc. 16] the defendants' Motion to Dismiss which was then opposed by the defendants [doc. 18]. The plaintiff filed a "Motion in Regard to Document 18 Filed by Defendants" [doc. 20].

The plaintiff also filed a "Motion Regarding Memorandum in Support of Motion to Dismiss" [doc. 19] in which he once again requested the entry of a default judgment.

### Rule 12(b)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual

allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## Facts

This is an action for claims asserted by Fox pursuant to 47 U.S.C. §223 for cyber stalking, 18 U.S.C. §2261(A) for stalking and 18 U.S.C. §875(c) for threatening to injure. Fox filed his complaint on March 20, 2009, alleging that Tippetts has harassed and threatened him via electronic and telephonic communications. The plaintiff alleges that Tippetts is an employee of LDS.[1] Fox requests that LDS force Tippetts to stop the allegedly threatening and harassing communications. Fox alleges that these communications by Tippetts have been a source of constant stress and intimidation which have necessitated him seeking medical attention numerous times.

## Analysis

The plaintiff filed a Motion to Dismiss [doc. 16] the defendants' Motion to Dismiss arguing that the court should not consider the defendants' motion because he had not received an answer to his complaint or a copy of the Motion to Dismiss. The defendants' motion contained a certificate of service. The defendants filed an opposition in which they aver that they did not realize that the plaintiff had not registered for electronic noticing. As a rule, *pro se* plaintiffs do not register for electronic noticing. Even if a plaintiff is registered for electronic noticing, this does not relieve a party from it's obligation to send a hard copy of motions as certified in the certificate of service.

---

[1] Fox does not allege that Tippetts was acting on behalf of LDS in any official capacity.

When this oversight was realized, the defendants sent a copy of their motion to dismiss to the plaintiff and the dismissal of their motion, as requested by the plaintiff, is not a proper remedy. The plaintiff has received the actual notice and has been given an opportunity to address the issues raised therein.[2] Accordingly, the plaintiff's Motion to Dismiss [doc. 16] will be denied.

Fox, in the "Motion Regarding Memorandum in Support of Motion to Dismiss" [doc. 19] and "Motion in Regard to Document 18 Filed by Defendants" [doc. 20], contends that he is entitled to default judgment against the defendants because they have not answered his complaint. The defendants have, in lieu of an answer, filed a Motion to Dismiss. Fed.R.Civ.P. 12. A default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989) (footnotes omitted). Here, before the plaintiff moved for default, the defendants appeared in the suit by filing a motion to dismiss. *Id.* at 277. The filing of a motion to dismiss is normally considered an appearance. *Washington v. M. Hanna Const. Inc.,* 299 Fed.App'x. 399, 400, 2008 WL 4898680, 1 (5th Cir. 2008). Accordingly, the plaintiff's request for an entry of a default judgment will also be denied.

The defendants argue that the complaint should be dismissed for insufficient service of

---

[2] When a party is not properly served but nonetheless has actual notice of a motion prior to its disposition, the motion may still be effective. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.; *McKinnie v. Roadway Express, Inc.,* 341 F.3d 554 ( 6th Cir. 2003).

process, arguing that a return of service has not been filed in the record. The defendants further argue that neither defendant has been served and it has been more than 120 days since the commencement of the suit, warranting dismissal.

The plaintiff filed, as an attachment to his first request for the entry of a default [doc. 13], copies of certified mail receipts indicating that he mailed the summonses to both Tippetts and LDS at an address in Salt Lake City, Utah.

Fed. R. Civ. P. 4(l) states that where formal service has not been waived, the process server must present proof of service to the court. Where service has been made by someone other than a United States Marshal, an affidavit of service is required. No such affidavit has been filed in this case.

The summons and compliant must be served within one hundred and twenty (120) days of the complaint being filed. Fed.R. Civ. P. 4(m). If the plaintiff fails to *properly serve* the defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." (Emphasis added). Fed.R.Civ.P. 4(m). Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) (per curiam). Even in the absence of good cause, a district court has the discretion to extend the time for service of process. *Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129, 1132; *see Lepone-Dempsey v. Carroll County Com'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007); *Henderson v. United States,* 517 U.S. 654,

663, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (recognizing that in the 1993 amendments to the rules, courts were accorded the discretion to enlarge the 120-day period even in the absence of showing good cause).

Any person over the age of 18 *who is not a party* may serve original process. Fed. R. Civ. P. 4(c). Because they are parties, plaintiffs may not serve process themselves. *Boltes v. Entex*, 158 F.R.D. 110 (S.D. Tex. 1984). This bar against permitting a party to serve original process applies to service by certified mail (in those instances where such service is permitted). Federal Civil Rules Handbook 2008, Baicker-McKee, P. 193. Court-appointed service is required when the plaintiff is a pauper. 28 U.S.C.A. §1915(c). *See Lindsey v. United States RR Retirement Bd.*, 101 F.3d 444, 447-48 (5th Cir. 1996).

It is clear that the plaintiff has not perfected legal service on the defendants in this case within 120 days of the commencement of the suit. Ordinarily an opportunity to perfect service would be granted a *pro se* plaintiff, but for the reasons set forth hereinafter on the defendants' motion to dismiss pursuant to Rule 12(b)(6), this complaint will be dismissed.

### Failure to State A Claim

The defendants argue that the plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Fox asserts claims under 47 U.S.C. §223 for cyber-stalking, 18 U.S.C. §2261(a) for stalking, and 18 U.S.C. §875(c) for threatening to injure.

A criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute. *See Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (holding that a private remedy will not be implied unless legislative intent can

be inferred from statutory language or elsewhere). *See Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 407 (8th Cir. 1999).

Jurisprudence is well-settled that 47 U.S.C. § 223 is a criminal statute, and provides no private right of action. Therefore, the plaintiff cannot bring a suit against the defendants pursuant to 47 U.S.C. § 223. *Fox v. Eyring,* 2009 WL 675355, 2 (D.Utah,2009); *Universal Communication Systems, Inc. v. Lycos, Inc.,* 478 F.3d 413, 422 (1st Cir. 2007); *Sloan v. Truong,* 573 F.Supp.2d 823, 829 (S.D.N.Y.2008) (citing *Ghartey v. Chrysler Credit Corp.,* No. CV-92-1782 (CPS), 1992 U.S. Dist. LEXIS 18185, at *13-16 (E.D.N.Y. Nov. 18, 1992) (holding that there is no express or implied provision for private remedy under section 223)); *see also, Watson v. NCO Group, Inc.* 462 F.Supp.2d 641, 643 n. 1 (E.D.Pa.2006) (the plaintiff withdrew a Communications Act claim after acknowledging that § 223 is a criminal statute).

Likewise, there is no arguable predicate for asserting the existence of an implied private right of action for a violation of 18 U.S.C. §§ 875. *Bryant v. Yellow Freight Systems,* 989 F.Supp. 966, 968 (N.D.Ill.,1997).

18 U.S.C.A. § 2261A states:

Whoever--

**(1)** travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person; or

**(2)** with the intent–

(A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or

(B) to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to--

(I) that person;

(ii) a member of the immediate family (as defined in section 115 [FN2] of that person; or

(iii) a spouse or intimate partner of that person;

uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (I) through (iii) of subparagraph (B) [FN3];

shall be punished as provided in section 2261(b) of this title.
18 U.S.C.A. § 2261A .

In order for a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed .2d 26 (1975). Nothing in §2261A indicates that it is more than a "bare criminal statute." *Id.* at 79-80. Thus, the statutes do not provide for a private right of action. *Ali v. Shabazz*, 1993 WL 456323, 1 ( 5th Cir. 1993).

## Conclusion

There has been insufficient service of process in this case and more than one hundred and twenty (120) days have elapsed from the commencement of this action.

The plaintiff's complaint fails to state a viable claim as 47 U.S.C. §223, 18 U.S.C. §2261(a), and 18 U.S.C. §875(c) do not grant private causes of action. Accepting the plaintiff's factual allegations as true and construing all reasonable inferences in a light most favorable to the plaintiff or nonmoving party, the plaintiff fails to state a cause of action upon which relief can be granted. Accordingly, the defendant's Motion to Dismiss [doc. 10] will be granted.

Having no basis in law, the plaintiff's Motion to Dismiss [doc. 16] will be denied.

Lake Charles, Louisiana, this 10 day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE